179 So.2d 608 (1965)
UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,
v.
Joseph SELLERS and Inez Sellers, Appellees.
No. G-378.
District Court of Appeal of Florida. First District.
November 4, 1965.
*609 Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
William H. Clark, of Harrell, Caro, Middlebrooks & Wiltshire, Pensacola, for appellees.
STURGIS, Judge.
This is an appeal from a declaratory decree holding, adversely to appellant insurer's contentions, that the appellees are entitled to benefits under the uninsured motorist coverage of their policy notwithstanding a provision purporting under facts applicable to this case to limit the insurer's liability.
The appellant, United States Fidelity and Guaranty Company, issued to appellees, Mr. and Mrs. Sellers, an automobile liability policy providing uninsured motorist coverage. Mrs. Sellers was injured while riding as a passenger in an automobile owned by one Milstead, to whom Glens Falls Insurance Company, not a party to this cause, had issued a similar policy which also contained uninsured motorist coverage. The limit of liability under each of these policies was $10,000.00 for injury to each person. The operator of the automobile which collided with the automobile covered by the Glens Falls policy was uninsured and appellees made a claim against that insurer which was settled for $7,500.00. They then filed a claim based on the same injuries against appellant, U.S.F. & G., relying on the uninsured motorist provisions of the policy issued to them by that insurer, the appellant, who then brought this suit for a declaratory decree, asserting that under the following provisions of the policy it was not liable to appellees because there was available to them through the Glens Falls Insurance Company similar insurance against a loss covered by the uninsured motorist coverage of the U.S.F. & G. policy in an amount equal to the limit of liability provided by its said policy issued to appellees, viz.:
"5. Other Insurance. With respect to bodily injury to an Insured while occupying an automobile not owned by a Named Insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance.
"With respect to bodily injury to an Insured while occupying or through being struck by an uninsured automobile, if such Insured is a Named Insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of applicable limits of liability of this insurance and such other insurance, and the Company shall not be liaable under this endorsement for a greater proportion of the applicable limit of liability of this endorsement than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.
"Subject to the foregoing paragraphs, if the insured has other similar insurance available to him against a loss covered by this endorsement, the Company shall not be liable under this endorsement for a greater proportion of such loss than the applicable limit of liability hereunder bears to the total applicable limits of liability of all valid and collectible insurance against such loss."
Appellees answered the complaint and counterclaimed for damages under the insurance contract of appellant, who replied to the counterclaim and moved for judgment on the pleadings. The undisputed facts present a question of law involving construction of the above-quoted policy provisions in the light of Section 627.0851, Florida Statutes, F.S.A., which provides:
"Automobile liability insurance; uninsured vehicle coverage; * * *.
"(1) No automobile liability insurance, covering liability arising out of *610 the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than limits described in § 324.021(7), under provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage; provided further that, unless the named insured requests such coverage in writing, the coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer."
* * * * * *
"(4) In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer."
The decree under review requires appellant to pay all sums which appellees shall be legally entitled to recover as damages from the operator of the uninsured automobile up to and including the policy limit of $10,000.00, irrespective of the availability of similar insurance coverage as supplied by the Glens Falls Insurance Company policy. The chancellor concluded that Section 627.0851, Florida Statutes, F.S.A., relating to uninsured vehicle coverage, requires the policy to contain provisions for protection of persons who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, and held, in effect, that the statute fixed the public policy of this state with respect to such contracts as not permitting the insurer to limit its liability to the excess above all other similar insurance available to the insured. Citing Bryant v. State Farm Mutual Automobile Ins. Co., 205 Va. 897, 140 S.E.2d 817 (1965), in support of his holding, the chancellor reasoned that the Florida statute, though not identical with the section of the Virginia Code construed in that case, is in legal effect the same, and held that the Florida statute "renders ineffective the limitation found in paragraph `5, Other Insurance' of the policy in so far as it attempts to exclude coverage for the benefit of * * * [appellees] under the facts and circumstances of the case" on review.
The sole question on this appeal is whether the mentioned policy provision is effective notwithstanding the language of F.S. 627.0851, F.S.A. It has not heretofore been passed upon by the Florida appellate courts.
With the exception of the Bryant case, supra, decisions of other jurisdictions hold that the "other insurance" provision as here involved is effective to limit liability in accordance with its terms, that is to say: Where the limits of coverage provided by the primary policy are equal to the limits of coverage of the secondary policy, there can be no pyramiding of coverage. Though not binding on this court, in the highly persuasive case of Chandler v. Government Employees Insurance Company, 342 F.2d 420 (1965), the 5th C.C.A. so held in construing the effect of the Florida statute on the "other insurance" *611 policy provision. In that case the insured contended, as here, that because of the statute the protection provided in the insured's own policy is recoverable regardless of other available insurance against which the insured might proceed. In rejecting that contention the federal court held, and we agree, that the public policy of this state is to afford the public generally the same protection that it would have had if the uninsured motorist had carried the minimum limits of liability. We adhere to that pronouncement as a sound declaration of the applicable law.
We think this conclusion accords with the spirit of the legislative intent because, inter alia, we find that subsection (4) of F.S. 627.0851, F.S.A., provides for subrogation of the insurer making payment against the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery against any person or organization legally responsible for the bodily injury for which such payment is made.
The conclusion we adopt was reached by the Iowa Supreme Court in Burcham v. Farmers Insurance Exchange, 255 Iowa 69, 121 N.W.2d 500 (1963), being an action on uninsured automobile provisions of an insurance policy in which the trial court ruled adversely to Burcham's contentions. The Iowa court held, in substance, that where a policy issued by one insurer to an automobile owner and operator and a separate policy issued by another insurer to a passenger's father each provided uninsured motorist coverage, subject to identical policy limits for one person, and subject to a clause that while occupying an automobile not owned by the named insured the insurance coverage should apply only as excess over any other similar insurance available to the insured occupant, and then only in the amount by which the applicable limit of the policy exceeded the sum of the applicable limits of other insurance, and where the automobile was struck by a second uninsured automobile operated by an uninsured driver, the "other insurance" clause negatived liability on the policy issued to the passenger's father. The fact that the opinion makes no mention of an Iowa statute similar to ours does not detract from the value of the case as sound secondary precedent.
Kirby v. Ohio Casualty Insurance Company, 42 Cal. Rptr. 509 (Cal. App. 1965), Grunfeld v. Pacific Automobile Insurance Company, 42 Cal. Rptr. 516 (Cal. App. 1965), Globe Indemnity Company v. Baker's Estate, 22 A.D.2d 658, 253 N.Y.S.2d 170 (1964), and Travelers Indemnity Co. of Hartford, Conn. v. Wells, 316 F.2d 770 (4th Cir.1963), are cited by appellant. The California cases are not germane because they were governed by a California statute specifically excluding liability for bodily injury of the insured while in an automobile other than the described automobile in those instances where the owner has insurance similar to that provided by the policy in suit. The Florida statute has no such exemption.
We have carefully considered Bryant v. State Farm Mutual Automobile Ins. Co., supra, in which the Supreme Court of Appeals of Virginia in a well-reasoned decision held that the "other insurance" provision of plaintiff's policy was invalid because in conflict with Section 38.1-381(b) of the Virginia Code which provides:
"Nor shall any such policy or contract relating to ownership, maintenance or use of a motor vehicle be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle within limits which shall be no less than the requirements of § 46.1-1(8), as amended from time to time, of the Code herein. * * *"
We note that the insured had recovered a judgment for $85,000.00 against the uninsured motorist and had collected $10,000.00 in full of a policy issued to the appellant's *612 father. The insured also held and sought to recover on a policy issued to him by the same insurer and containing uninsured motorist coverage. Seizing upon the provision of the Virginia Code commanding that no policy of bodily injury liability insurance shall be issued or delivered unless it undertakes to pay the insured "all sums" he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle within the limits of the policy, the Virginia court held that the policy provision undertaking to limit that liability conflicted with the plain terms of the statute and was of no effect.
Appellant suggests that the Virginia statute is significantly different from the Florida statute in that it requires all liability policies to provide uninsured motorist coverage while the Florida statute merely requires an offer of such coverage, and that the Virginia statute does not require approval of the policy provisions by the insurance commissioner as in Florida. While factually correct, these differences do not affect our adherence to the Chandler and Burcham cases, supra.
Insurance of the character here involved is in the nature of a contract of indemnity. To the extent that Florida statutory provisions govern such contracts, it was the legislative purpose to provide such indemnity within the limits of the coverage, not to establish a type of contractual gamble by which to inordinately benefit the insured at the expense of insurers by pyramiding coverages of separate policies to an extent above and beyond the damages actually suffered and within the policy limits. That legislative intent is comprehensively satisfied by the Glens Falls policy available to appellees and against which they proceeded to a settlement. There is nothing in the "other insurance" provisions of appellant's policy that is contrary to the statute or which violates the public policy of this state.
Being of the opinion that this decision passes upon a question of great public interest, we will enter a certificate to that effect in order that certiorari may be available to the supreme court for the purposes of review.
Reversed.
RAWLS, C.J., and JOHNSON, J., concur.