185 So.2d 689 (1966)
Joseph SELLERS and Inez Sellers, Petitioners,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent.
No. 34949.
Supreme Court of Florida.
April 20, 1966.
Rehearing Denied May 17, 1966.
William H. Clark and Harrell, Caro, Middlebrooks & Wiltshire, Pensacola, for petitioners.
Robert P. Gaines and Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for respondent.
*690 ERVIN, Justice.
The District Court of Appeal, First District, has certified its decision in United States Fidelity & Guaranty Company v. Sellers (1965), 179 So.2d 608, as one which passes upon a question of great public interest. Therefore, our jurisdiction to review the decision is invoked pursuant to Section 4(2), Article V, State Constitution, F.S.A.
The specific question raised in the certification may be stated as follows:
May an automobile liability insurance carrier providing coverage against injury by an uninsured motorist in accord with the requirements of § 627.0851, Florida Statutes [F.S.A.], after accepting a premium for such coverage, deny coverage on the ground that the insured has other similar insurance available to him?
No statement of facts in addition to those appearing in the District Court opinion appears necessary to our disposition of the case.
It is our view that the statute, F.S. § 627.0851, F.S.A., operates to invalidate Condition 5 in the United States Fidelity and Guaranty Company automobile liability insurance policy providing petitioners' coverage against injury by an uninsured motorist. We agree with the chancellor in this respect and quash the decision of the District Court of Appeal.
The pertinent language of the statute (§ 627.0851) is that no automobile liability insurance shall be delivered unless coverage is provided "* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury * * *". The limits of such a policy of insurance are required to be the same as provided in the Motor Vehicle Responsibility Law [F.S. § 324.021(7), F.S.A.]. Provision is made in the last paragraph (number 4) of § 627.0851 for the insurer providing said coverage and making payment thereunder to the insured, to recover to the extent of such payment from the proceeds of any settlement or judgment which the insured obtains from any person or organization legally responsible for the bodily injury.
It appears to us that the statute expresses the statutory requirements both as to coverage to be provided by the insurer, and as to its sources of recovery of insurance protection it paid from other persons, including other insurers legally responsible for the bodily injury to insureds, to the exclusion of inconsistent language inserted in an automobile liability policy. There appears no latitude in the statute for an insurer limiting its liability through "other insurance"; "excess-escape" or "pro rata" clauses, as attempted in Condition 5. If the statute is to be meaningful and controlling in respect to the nature and extent of the coverage and to the sources of recovery and subrogation of the insurer, all inconsistent clauses in the policy to the controlling statutory language such as are contained in Condition 5 must be judicially rejected.
The "other insurance" clause was first challenged as being in conflict with a state uninsured motorist statute in the case of Travelers Indemnity Company v. Wells, 209 F. Supp. 784 (W.D.Va. 1962). The U.S. District Court for the Western District of Virginia held the Virginia uninsured motorist statute invalidated the "other insurance" clause. The District Court was overruled by the U.S. Court of Appeals for the Fourth Circuit in Travelers Indemnity Company v. Wells, 316 F.2d 770 (4th Cir.1963). In a footnote to its opinion the Court of Appeals remarked that it did not have the benefit of an opinion of the Supreme Court of Appeals of Virginia which would give it guidance. Soon thereafter the Virginia Supreme Court of Appeals in the case of Bryant v. State Farm Mutual Automobile Insurance Company, 205 Va. 897, 140 S.E.2d 817 (1965), declined to follow the holding of the U.S. Court of *691 Appeals for the Fourth Circuit in Wells. The Virginia Court in Bryant specifically held that the "other insurance" clause was rendered void and of no effect by the provisions of the Virginia uninsured motorist statute.
In Bryant the plaintiff, while an occupant in an automobile belonging to a third party, was negligently injured by an uninsured motorist. After establishing the amount of his damages by suit against the uninsured motorist, plaintiff made a claim under the uninsured motorist endorsement in the liability policy of the third party owner. The claim was settled; then plaintiff made a claim under the uninsured motorist endorsement in his own automobile liability policy. State Farm, his insurer, denied liability, relying upon the exact language of the "other insurance" clause which is involved in this case. The lower court held for State Farm and the Supreme Court of Virginia reversed.
The Virginia court noted that Virginia law requires all automobile liability insurance policies issued in the state to include an endorsement undertaking "* * to pay the insured all sums to which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle * * *." [Section 38.1-381(b), Code of Virginia (1964 Cum.Supp.).] The court held that the "other insurance" clause, even though approved by the Virginia State Corporation Commission, was in derogation of the requirement of the statute and therefore of no effect.
Both the Virginia statute and the Florida statute contain subrogation clauses providing that an insurer making payments under its uninsured motorist coverage is entitled to the proceeds of any recovery against the uninsured motorist or any other person or organization legally responsible for the injury by the insured, at least to the extent of the insurer's payment. Section 627.0851 (4), Florida Statutes, F.S.A.; Section 38.1-381(f), Code of Virginia (1964 Cum.Supp.).
As the "other insurance" clause presently before the Court undoubtedly is written into thousands of automobile liability insurance policies issued in Florida, it is inevitable the courts of Florida will be required to resolve a case wherein, as in the case at hand, a named insured under one uninsured motorist endorsement is injured while covered by a second uninsured motorist endorsement, the injury being caused by an uninsured motorist. The policies of both carriers will have identical limits of liability, both will include the Condition 5 now under review and both carriers will elect to rely upon their respective "other insurance" clauses. In such a case the two policies will be irreconcilable conflict unless, of course, § 627.0851 is construed to invalidate such clauses.
Hypothetical situations under standard Condition 5 were discussed by Mr. Norman Broad in a note found in University of Florida Law Review, Volume XIV, No. 4, page 455. He concludes that "Courts attempting to reconcile conflicting `other insurance' provisions will always disappoint the contractual expectations of at least one insuring company." After exhaustive analysis of the subject, he concludes that the fairest solution would be to void these clauses as hopelessly in conflict and prorate the loss between the carriers in the proportion that the policy limits bear to the total amount of insurance available.
Compare Vernon v. Harleysville Mutual Casualty Co. (1964), 244 S.C. 152, 135 S.E.2d 841; Maryland Casualty Co. v. Howe (1965), 106 N.H. 422, 213 A.2d 420; Smith v. Pacific Automobile Ins. Co. (Or. 1965) 400 P.2d 512; and Moore v. Allstate Ins. Co., 108 Ga. App. 60, 131 S.E.2d 834. See also Appleman's Insurance Law and Practice Vol. 7, Sec. 4331 (Pocket parts 1965).
In sum, we find we must answer the specific question first referred to in the negative; invalidate Condition 5, and leave each insurer to such recovery or subrogation, if any, as paragraph number (4) of *692 F.S. § 627.0851, F.S.A., affords it. It is further our view that the statute does not intend that an insured shall pyramid coverages under separate automobile liability insurance policies so as to recover more than his actual bodily injury loss or damage. By way of illustration, if his loss amounts to $30,000 because of bodily injury inflicted upon him by an uninsured motorist, we see no reason why, if he is the beneficiary of three automobile liability insurance policies he may not recover the maximum allowed under each policy. If, on the other hand, his loss is under the $10,000 policy limit and he is covered by more than one automobile liability insurance policy equally responsible for his loss, or if his loss in an automobile liability covered accident is more than $10,000 but less than the sum of the limits of multiple policies protecting him, then in such situations under paragraph number 4 of the statute proration among the insurers would be in order.
The statute, absent the clauses attempted to he inserted by Condition 5, lends itself to reasonably easy interpretation and application. Without such clauses the statute and general principles of insurance law treat each automobile liability insurance policy as a separate item of coverage and unlimited by benefits to be paid by other insurance. To recapitulate, if there exists more than one automobile liability insurance policy protecting the same insured, then in case of loss each of the insurers would, under general law relating to insurance and paragraph number 4 of the statute, pro-rate the amount paid to cover the loss of the insured.
By the foregoing paragraph we do not mean to imply that an insured protected by multiple policies issued under § 627.0851 shall be delayed or frustrated in effecting settlement by having to pursue his claim of loss against all of the insurers jointly. He can proceed against any one or more of them, but in any event he shall not be entitled to recover from all of them more than the amount of his loss from bodily injury caused by an uninsured motorist and, of course, his recovery from any one of them shall be within the limit of the particular policy. No doubt each insurer will properly insist that the insured inform it of the total amount of his loss and whether or not he has other similar insurance and whether any settlement has been reached with another insurer before settling a claim. As a practical matter when settlement or recovery of the loss between insured and insurer or insurers is effected it will then be in order for the insurers to make pro-ration inter se.
Our views herein are predicated upon our construction of § 627.0851. We consider that it provides for a limited type of compulsory automobile liability coverage. It appears to require coverage for bodily injury caused by the negligence of an uninsured motorist to the extent of specific limited amounts. It does not permit "other insurance" clauses in the policy which are contrary to the statutorily limited amounts of coverage. It is clear that the statute does not limit an insured only to one $10,000 recovery under said coverage where his loss for bodily injury is greater than $10,000 and he is the beneficiary of more than one policy issued under § 627.0851. The statute is designed to protect the insured as to his actual loss within such limits, but being of statutory origin it is not intended that an insured shall receive more from such coverage than his actual loss, although he is the beneficiary under multiple policies issued pursuant to F.S. § 627.0851, F.S.A. This latter construction appears from paragraph numbered (4) of said section which provides for recovery and subrogation from all persons or organizations legally responsible for the insured's bodily injury caused by an uninsured motorist. This construction requires pro-ration among multiple insurers issuing policies pursuant to F.S. § 627.0851, F.S.A.
The certified question is answered as above indicated and the decision of the District Court of Appeal, First District, is *693 quashed with directions that further proceedings herein he had in accordance with our opinion and judgment.
THORNAL, C.J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.