189 So.2d 907 (1966)
Lyda L. MASON, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 66-174.
District Court of Appeal of Florida. Third District.
September 13, 1966.
Sams, Anderson, Alper & Spencer, Horton & Schwartz, Miami, for appellant.
Weinstein & Weissenborn, Miami, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
SWANN, Judge.
This is an appeal by the plaintiff below, Lyda L. Mason, from a summary final decree for the defendant, Allstate Insurance Company.
On February 8, 1964 Harry E. Mason, while in the course of his employment, was killed in an automobile accident with an insured motorist named Alexander Carr. Mason was insured under an automobile liability insurance policy issued by Allstate Insurance Company, which contained uninsured motorist coverage, as required by Section 627.0851(1), Florida Statutes, F.S.A. The uninsured motorist section of the policy, however, contained an "exclusion" which provided that:
* * * * * *
"Any loss payable to any person under the terms of this Section II shall be reduced by the amount paid and the present value of all amounts payable to him under any workmen's compensation law."
* * * * * *
Mason's widow, Lyda L. Mason, made demand on Allstate to recover the $10,000 coverage provided by the uninsured motorist endorsement. Allstate refused to pay, on the ground that Mrs. Mason would receive *908 more than $10,000 in workmen's compensation benefits for the death of her husband; and that under the exclusion in the policy, Allstate was not obligated to her for any amount of money. Mrs. Mason then brought an action against Allstate in the Circuit Court of Dade County, Florida for a declaratory decree, to the effect that the exclusion was invalid and unenforceable and that Allstate was required to pay her the $10,000 coverage provided in the uninsured motorist portion of the policy.
Mrs. Mason moved for a partial summary decree on the issue of coverage; however, the circuit judge, upon the parties' stipulation as to the facts, ruled that the exclusion was valid and enforceable and that, since the workmen's compensation benefits were admittedly in excess of $10,000, Allstate was not indebted to Mrs. Mason. He entered a summary final decree for the defendant, Allstate Insurance Company, to this effect. The plaintiff, Mrs. Mason, has taken this appeal from the final decree.
The sole question on appeal is the validity of a clause in an insurance policy, in Florida, which attempts to reduce the amount of coverage required under the uninsured motorist act, by the amount the claimant is, or may be, paid, under any workmen's compensation act.
The chancellor, in holding that the clause was valid and enforceable, relied upon the authority of United States Fidelity & Guaranty Co. v. Sellers, Fla.App. 1965, 179 So.2d 608.
This decision was quashed in Sellers v. United States Fidelity & Guaranty Co., Fla. 1966, 185 So.2d 689. That case, while not precisely on point, insofar as workmen's compensation benefits were concerned, is so similar as to be highly persuasive. Justice Ervin, speaking for the Supreme Court, held that an automobile liability insurance carrier, providing coverage against injury by an uninsured motorist under the statute, could not deny coverage on the ground that the insured had other similar insurance available to him, once the carrier accepted the premiums for such coverage. He further noted that the statutes, which required the policy to contain uninsured motorist coverage, invalidated any conditions in the policy which attempted to limit the insurer's liability through "other insurance," "excess escape," or "pro rata" clauses.
The First District, in a decision by Chief Judge Rawls, has specifically held that an attempt by an insurance company to reduce the amount of coverage required under the uninsured motorist act by the insertion of a clause reducing such coverage by the amounts paid or payable under any workmen's compensation law, is contrary to the law and to the public policy of Florida, and is therefore invalid. Standard Accident Insurance Company v. Gavin, Fla. App. 1966, 184 So.2d Z9.
On the authority of Sellers and Gavin, supra, we reverse the summary final decree and remand for further action consistent herewith.
It is so ordered.