HENDRY, Judge.
The facts in this case are best set forth in the stipulation filed by the parties hereto:
“1. That on or about May 20, 1966, the Plaintiff insured Harry H. Moore under a policy of automobile liability insurance which contained an uninsured motorist endorsement.
“2. That on or about May 20, 1966, the Defendant insured Samuel Gurny under a policy of automobile liability insurance which contained an uninsured motorist endorsement.
“3. That the uninsured motorist endorsements were identical under both policies of insurance and both provided coverage for damages or bodily injury caused by a ‘hit and run automobile’.
“4. On May 20, 1966, Harry Moore was a passenger in a motor vehicle operated by Samuel Gurny when their vehicle was struck by a hit and run vehicle. Harry Moore died as a result of the injuries sustained in this accident.
*571 “5. On August 18, 1966, Edith Moore filed demand for arbitration against the Plaintiff and the Defendant and pursuant to the uninsured motorist endorsements of both policies. Her claim under each policy was for Ten Thousand and no/100 ($10,000.00) Dollars, making a total claim of Twenty Thousand and no/100 ($20,-000.00) Dollars against both the Plaintiff and the Defendant.
“6. The American Arbitration Association thereafter assigned a Case No. 32-20-0423-66 to Edith Moore’s claim against both the Plaintiff and the Defendant and set the matter for hearing on December 9, 1966. The case was thereafter continued and renoticed to be heard on March 14, 1967.
“7. Prior to the arbitration hearing the Defendant, National Indemnity Company, negotiated a settlement with Edith Moore of her individual claim and her claim as administratrix of her deceased husband’s estate. In consideration of the Defendant’s payment of Five Thousand and no/100 ($5,000.00) Dollars, Edith Moore signed and delivered to the Defendant a Release in Full.
“8. The Defendant, National Indemnity Company, advised the American Arbitration Association prior to the date set for final hearing that it had settled the Edith Moore claim and had obtained a full release. The Plaintiff, State Fire and Casualty Company, was not advised of the settlement until the time of hearing on March 14, 1967.
“9. On March 14, 1967, an arbitration hearing in Case No. 32-20-0423-66 was heard wherein Edith Moore arbitrated her claim against the Plaintiff, State Fire and Casualty Company.
“10. Thereafter on April 5, 1967, the American Arbitration Association, through its arbitrator, Stanley Epstein, rendered an award which stated:
‘STATE FIRE AND CASUALTY CO. shall pay to EDITH MOORE the sum of $10,000.00.’
“11. The Plaintiff, State Fire and Casualty Company, thereafter compromised the arbitration award for Eight Thousand Five Hundred and no/100 ($8,-500.00) Dollars, which was paid to Edith Moore.
“12. Thereafter on December 7, 1967, the Plaintiff, through counsel, wrote to the Defendant advising of the arbitration award of Ten Thousand and no/100 ($10,000.00) Dollars against State Fire and Casualty Company and demanding Two Thousand Five Hundred and no/100 ($2,500.00) Dollars in prorata contribution from the Defendant, National Indemnity Company. The Defendant, National Indemnity Company, declined to make such prorata contribution and thereafter the above-captioned law suit was filed.”
Following the course of the stipulated facts above, the plaintiff-appellant amended his complaint and reduced its claim from $2,-500.00 to $1,750.00. Thereafter, both parties moved for summary judgment, which was granted in favor of the defendant-appellee. In his summary final judgment, the trial judge observed that both parties had relied upon the Supreme Court case of Sellers v. United States Fidelity & Guaranty Company, Fla.1966, 185 So.2d 689, but noted that the Sellers case was distinguishable from the case sub judice, “ * * * because the cited case did not involve a compromise and settlement resulting in a full release being executed and delivered.” Motion for rehearing was denied and this appeal followed.
It is our opinion that the court erred in distinguishing the facts at bar from those in the Sellers case so as to preclude application of the principle relating to proration among multiple insurers, which was summarized in the Sellers case with these words:
“ * * * To recapitulate, if there exists more than one automobile liability *572 insurance protecting the same insured, then in case of loss each of the insurers would, under general law relating to insurance in paragraph number 4 of [§ 627.-0851 Fla.Stats. F.S.A.], prorate the amount paid to cover the loss of the insured. * * * As a practical matter when settlement or recovery of the loss between insured and insurer or insurers is effected it will then be in order for the insurers to make pro-ration inter se. * * * This latter construction appears from paragraph numbered (4) of [section 627.051 Fla.Stat. F.S.A.] which provides for recovery and subrogation from all persons or organizations legally responsible for the insured’s bodily injury caused by an uninsured motorist. This construction requires pro-ration among multiple insurers issuing policies pursuant to F.S. § 627.0851, F.S.A. * * * ” Id. at 692.
Reversed.