RAWLS, Judge.
Two casualty insurance companies argue as to their respective liability for payment of a valid claim to an insured arising out of an accident involving an uninsured motorist.
Irene Nicely was a passenger in an automobile, insured by Allstate, which was involved in an accident with an uninsured motorist. Irene, through arbitration, received her damages in the sum of $3,750.00 from Allstate (her driver’s insurer). Allstate’s policy limit was $10,000.00. Irene’s insurer was Dairyland and its exposure was $15,000.00. After paying Irene, Allstate instituted this suit seeking a pro rata share'from Dairyland of the damages paid to Irene. The trial court entered its judgment granting proration, requiring Dairy-land to pay to Allstate sixty percent of the sums expended by Allstate.
The pivotal question is: When two automobile liability insurance policies both have an uninsured motorist clause and both protect the same insured, does the insurer who pays the insured an amount less than the limits of either policy have the right under Section 627.0851(4), Florida Statutes,[1] of subrogation against the other insurer for pro rata contribution? Can the answer to the posed question be affirmative when the “general law of insurance” in Florida would deny pro rata contribution between insurers if the dispute were over ordinary coverage (i. e., did not involve an uninsured motorist clause) ?
Under the general principles of Florida insurance law,[2] prior to Sellers v. United States Fidelity & Guaranty Co.,[3] Allstate was primarily liable and Dairyland second *586 arily liable. Hence, Allstate would have no right of pro rata contribution from Dairyland. So, the ultimate question is: Did the Supreme Court of Florida in the Sellers decision construe the statutory provisions of this State which pertain to uninsured motorist coverage so as to change the primary liability of an insurer? We think not.
As this Court stated in Davis v. United States Fidelity & Guaranty Co. of Baltimore, Md.:[4]
“The cited statute . . . established the public policy of this state to be that every insured, within the definition of that term as defined in the policy, is entitled to recover under the policy for the damages he or she would have been able to recover against the offending motorist if that motorist had maintained a policy of liability insurance.”
Clearly, the legislative intent was to encourage and expand insurance protection for innocent motorists injured in an automobile accident by a wrongful uninsured vehicle. We find nothing contained in the statutory scheme which shifts the liability of multiple insurance companies. Irene was an insured within the terms of Allstate’s policy and Allstate was the primary insurer.
The Supreme Court’s opinion in Sellers has transformed the solid granite base of an insurer’s primary liability in uninsured motorist cases to a base of pipe clay. The language contained in Sellers upon which the trial judge apparently relied, and which gives us concern, is : [5]
“ . . . It is further our view that the statute does not intend that an insured shall pyramid coverages under separate automobile liability insurance policies so as to recover more than his actual bodily injury loss or damage. . If, on the other hand, his loss is under the $10,000 policy limit and he is covered by more than one automobile liability insurance policy equally responsible for his loss, or if his loss in an automobile liability covered accident is more than $10,000 but less than the sum of the limits of multiple policies protecting him, then in such situations under paragraph number 4 of the statute proration among the insurers would be in order.”
As stated above, it is our construction of the decisional law of this state that prior to the Sellers decision, Dairyland was not “equally responsible” and thus is not liable for proration.
Questions posed by the fertile mind of insurance companies involving the interpretation of statutory and contract provisions of uninsured motorist policies seem to be infinite. A uniform rule upon this subject is essential to all the citizens of Florida. Therefore, we once again reach the opinion that this decision passes upon a question of great public interest,[6] and we will enter a certificate to that effect in order that certiorari may be available to the Supreme Court for the purposes of review.
The decision of the court below is reversed.
SPECTOR, C. J., and JOHNSON, J., concur.

. F.S. § 627.0851 (4), 1969, provides :
“In the event of payment to any person under the coverage required by this section . . . the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organisation legally responsible for the bodily injury for ichich snch payment is made . . . ” (Emphasis Supplied.)

. Spurgeon v. State Farm Mutual Ins. Co., 169 So.2d 343 (Fla. DCA 1st, 1964) ; Safeco Ins. Co. of America v. Hawkeye-Security Ins. Co.. 218 So.2d 759 (Fla. DCA 1st, 1969).

. Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla.1966).

. Davis v. United States Fidelity & Guaranty Co. of Baltimore, Md., 172 So.2d 485 (Fla. DCA 1st, 1965).

. Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689, 692 (Fla.1966).

. Article V, Section 4(2), “Supreme Court-Jurisdiction.”, Constitution of tlie State of Florida, F.S.A.