271 So.2d 457 (1972)
ALLSTATE INSURANCE COMPANY, a Corporation, Petitioner,
v.
DAIRYLAND INSURANCE COMPANY, a Corporation, Respondent.
No. 42102.
Supreme Court of Florida.
November 29, 1972.
Rehearing Denied February 2, 1973.
Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Jacksonville, for petitioner.
John E. Houser, Jacksonville, for respondent.
McCAIN, Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, First District, certified by that court as passing upon a question of great public interest. Dairyland Insurance Company v. Allstate Insurance Company, 257 So.2d 585 (Fla.App.1st, 1972). We have jurisdiction pursuant to Fla. Const., Article V, Section 4(2), F.S.A.
Irene Nicely was a passenger in an automobile owned by Cecil G. Norris which was involved in an accident with an uninsured motorist. Norris carried insurance, including uninsured motorist coverage in the amount of $10,000, with Allstate. Mrs. Nicely and her husband were insured (including uninsured motorist coverage with a $15,000 policy limit) by Dairyland. Mrs. Nicely sought arbitration of her claim and received a settlement from Allstate in the amount of $3,750. Dairyland never responded to demands by Allstate that it participate in the arbitration proceedings.
After paying Mrs. Nicely, Allstate instituted the instant suit seeking proration with Dairyland of the settlement amount. The trial court entered its judgment granting proration, requiring Dairyland to pay to Allstate sixty percent of the sum expended by Allstate.
The First District Court reversed. That court was primarily concerned with the effect of certain language in Sellers v. United Fidelity and Guaranty Co., 185 So.2d 689 (Fla. 1966), wherein this Court said:
"... It is further our view that the statute does not intend that an insured shall pyramid coverages under separate automobile liability insurance policies so as to recover more than his actual bodily injury loss or damage. By *458 way of illustration, if his loss amounts to $30,000 because of bodily injury inflicted upon him by an uninsured motorist, we see no reason why, if he is the beneficiary of three automobile liability insurance policies he may not recover the maximum allowed under each policy. If, on the other hand, his loss is under the $10,000 policy limit and he is covered by more than one automobile liability insurance policy equally responsible for his loss, or if his loss in an automobile liability covered accident is more than $10,000 but less than the sum of the limits of multiple policies protecting him, then in such situations under paragraph number 4 of the statute proration among the insurers would be in order."
In construing the words "equally responsible" in the Sellers opinion, the District Court turned to general insurance principles and found that Allstate was primarily liable to Mrs. Nicely while Dairyland was secondarily liable. Hence, the Court concluded that Allstate had no right of pro rata contribution from Dairyland.
We cannot agree. In Sellers, U.S.F. & G. issued to Mr. and Mrs. Sellers an automobile liability policy providing uninsured motorist coverage in the amount of $10,000 to the insureds. Mrs. Sellers was injured while riding as a passenger in an automobile owned by one Milstead, to whom Glens Falls Insurance Company had issued a similar policy providing uninsured motorist coverage in the amount of $10,000. After recovering $7,500 from Glens Falls by virtue of settlement, Mrs. Sellers filed a claim based on the same injuries with U.S.F. & G.U.S.F. & G. responded with a declaratory judgment action, asserting that the "Other insurance" provision of its policy made it an excess insurer under the facts of the case and that it was therefore not liable. The District Court of Appeal, First District, agreed, holding that the "Other insurance" clause in question was not contrary to Fla. Stat. § 627.0851, F.S.A. requiring that an insured's automobile liability policy include uninsured motorist coverage. The District Court further concluded that the unavailability of the excess policy was not contrary to public policy. United States Fidelity and Guaranty Co. v. Sellers, 179 So.2d 608 (Fla.App.1st, 1965).
On certiorari, this Court quashed the decision of the District Court, construing Fla. Stat. § 627.0851, F.S.A. to invalidate "Other insurance" clauses in liability contracts insofar as these operated to limit uninsured motorist protection. In view of the intent of the statute to provide the motorist with complete coverage and the probability that several or all the carriers involved in an uninsured motorist accident would claim protection from liability under other insurance provisions, the Court concluded that, "the fairest solution would be to void these clauses as hopelessly in conflict and prorate the loss between the carriers in the proportion that the policy limits bear to the total amount of insurance available."
In our view, the Sellers decision lays down policy guidelines and an interpretation of the uninsured motorist statute which must govern the result in the instant case. Proration of claims between insurers was suggested in Sellers as a method of carrying out the acknowledged goal of Fla. Stat. § 627.0851 that every policy provide uninsured motorist protection. We took the view in Sellers that in order to most fully effectuate this goal all insurers should share a proportion of the risk, rather than utilizing the conventional method of assigning the entire loss to one "primary" insurer.
Accordingly, it is our judgment that the District Court below erred in determining primary and secondary liability as between Allstate and Dairyland and in disallowing proration. Hence, the decision of the District Court of Appeal, First District, is quashed and the cause remanded to that Court for further proceedings consistent with this opinion.
It is so ordered.
*459 ROBERTS, C.J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.
DEKLE, J., dissents with opinion.
DEKLE, Justice (dissenting):
I respectfully dissent in accordance with my views expressed in Brown v. Progressive Mutual Ins. Co., 249 So.2d 429 (Fla. 1971); Hodges v. National Union Indemnity Co., 249 So.2d 679 (Fla. 1971); Mullis v. State Farm Mutual Auto. Ins. Co., 252 So.2d 229 (Fla. 1971). It has been and remains my consistent position that uninsured motorist coverage attaches by virtue of the policy on a particular motor vehicle and not on the broad scope indicated in the majority views of the cases cited.
The first liability here attaching is under the policy covering the vehicle in the accident, namely Allstate. Its liability is active in nature and directly involved and if it covers a situation, that should be the end of it. Any coverage of Mrs. Nicely on her car back home remains right there in the garage, in my view, in a situation of this kind and is only invoked if her loss exceeds the $10,000 limits of the Allstate uninsured motorist coverage, in accordance with what I had understood this Court's holding to be by Justice Ervin in Sellers II, 185 So.2d 689 (Fla. 1966), reversing U.S.F. & G. v. Sellers, 179 So.2d 608 (Fla. App.1st 1965), dealing with the "pyramiding" of coverage under two policies wherein I thought we had held that to the extent of an actual loss, such multiple coverage is allowable, if it exceeds the maximum of one of the policies. This is more fully pointed out in my dissent in Hodges, supra, 249 So.2d at p. 682.
As I understood the nexus of Sellers II, its concern was extending any available protection to the insured and the comment about "proration among the insurers" was not a holding of the case. There is no reason to declare a proration among insurers when there is no basis for any and simply to treat it as some equitable observation without foundation in contract or statute is gratuitous. The insurance policies are written on the basis of attachment to the automobile covered and the liabilities thereunder; the insurer in such instance is not entitled to some kind of "third party beneficiary" windfall under a policy in which it has no interest and which attaches to an automobile owned by the injured party. That other coverage is in nowise involved and there is no basis for bringing it into the picture, absent the overage indicated in Sellers. Policy rates are established on such basis and each insurer takes its own risks. Apparently the majority is now changing this and the insurers must accordingly review their rate structures and policy conditions.
Also involved in the dictum relied on from Sellers II in the majority is the predicate of the two insurers in this situation being "equally responsible." The two insurers are not under these facts in an equal position. The district court properly applied insurance principles in determining the primary liability of Allstate which was actually involved in the accident. The district court was eminently correct in my view and I would deny certiorari.