PER CURIAM.
Plaintiff, Liberty Mutual Insurance Company, appeals a final summary judgment for defendant, Florida Farm Bureau Casualty Insurance Company, in this action to recover a prorata contribution of uninsured motorist coverage from the defendant.
On March 4, 1970 a collision occurred between a vehicle driven by William Mace, an uninsured motorist, and a vehicle operated by Emanuel E. Meyer who was insured by Florida Farm Bureau Casualty Insurance Company. As a result of the accident Isadore Fuss, a passenger in the Meyer car, was fatally injured. Isadore’s widow, Frieda, filed a wrongful death action against Meyer and Florida Farm (case # 70-17752) claiming damages in excess of $19,000. This case was dismissed on May 10, 1971 *900 after Frieda negotiated a settlement for $10,000 and executed a general release on April 29,1971 in favor of Meyer and Florida Farm. Although Isadore was an insured under the uninsured motorist provision of Meyer’s policy, Florida Farm paid nothing to Frieda under this provision. Thereafter Frieda filed a claim under the uninsured motorist provision of her deceased husband’s policy issued by Liberty Mutual Insurance Company. This claim was submitted to arbitration, and on March 1, 1972 the American Arbitration Association awarded Frieda $20,000. On March 27 Liberty Mutual filed a complaint for declaratory judgment (case # 72-6333) seeking to have the $10,000 paid by Florida Farm declared a set-off from the $20,000 arbitration award. By order of September 15,1972 the set-off was denied and the arbitration award affirmed. Thereupon, Liberty Mutual filed the instant complaint against Florida Farm for a prorated contribution from the uninsured motorist provision of Florida Farm’s policy issued to Meyer. After pretrial discovery, Liberty Mutual filed a motion for summary judgment. After a hearing thereon, the trial judge determined that the release and the May 10, 1971 dismissal of Frieda’s action against Florida Farm and Meyer concluded any claims which were or might have been litigated in that action, including any and all claims which Liberty Mutual had or might have had against Florida Farm. The judge then denied Liberty Mutual’s motion for summary judgment and entered summary judgment for Florida Farm. Liberty Mutual appeals. We affirm.
Liberty Mutual did not appeal the September 15, 1972 order finding that the $10,-000 paid Frieda in case # 70-17752 on behalf of Meyer was not a set-off or deduction from the $20,000 arbitration award. Therefore, this issue cannot now be raised. Also, Frieda Fuss never made a claim against Florida Farm for the uninsured motorist benefits provided by the policy issued to Meyer. The case of State Fire & Casualty Co. v. National Indemnity Co., 225 So.2d 570 (Fla. 3d DCA 1969) upon which Liberty Mutual relies is distinguishable from the instant case because in that case the widow of the deceased filed uninsured motorist claims against both insurance carriers and she did not bring a civil action against the insurance carrier with whom she negotiated a settlement. In addition, in the State Fire & Casualty case there was no order dismissing any and all claims which were or might have been litigated.
Affirmed.