HUBBART, Judge
(dissenting):
I must respectfully dissent. Although both Florida Farm and Liberty Mutual are admittedly obligated to pay Mrs. Fuss under the uninsured motorist provisions of their respective insurance policies, only Liberty Mutual has paid. By its decision, the Court has barred Liberty Mutual from now seeking pro rata contribution from Florida Farm. This result is squarely contrary to the decisions of the Supreme Court of Florida in Sellers v. United States Fidelity and Guaranty Co., 185 So.2d 689 (Fla.1966), and Allstate Insurance Co. v. Dairyland Insurance Co., 271 So.2d 457 (Fla.1972).
In Sellers the Court established the principle that there should be pro rata contribution between multiple uninsured motorist carriers for injuries sustained by an insured and caused by an uninsured motorist. The Court stated:
“To recapitulate, if there exists more than one automobile liability insurance policy protecting the same insured, then in case of loss each of the insurers would pro-rate the amount paid to cover the loss of the insured * * * As a practical matter when settlement or recovery of the loss between insured and insurer or insurers is effected it will then be in order for the insurers to make pro-ration inter se * * * This construction requires pro-ration among multiple insurers issuing policies pursuant to F.S. § 627.0851, F.S.A.” Sellers v. United States Fidelity and Guaranty Co., 185 So.2d at 692.
In Allstate Insurance Co. the Court again reaffirmed this principle. An uninsured *901 motorist had caused a collision with a car occupied by a driver and a passenger. The passenger made a claim against the driver’s uninsured motorist carrier and settled for a certain amount of money. This carrier in turn sued the passenger’s uninsured motorist carrier for pro rata contribution. The trial court granted the pro rata contribution, the First District Court of Appeal reversed, and the Supreme Court reversed reinstating the trial court’s judgment. The Court stated:
“In our view, the Sellers decision lays down policy guidelines and an interpretation of the uninsured motorist statute which must govern the result in the instant case. Proration of claims between insurers was suggested in Sellers as a method of carrying out the acknowledged goal of Fla.Stat. § 627.0851 that every policy provide uninsured motorist protection. We took the view in Sellers that in order to most fully effectuate this goal all insurers should share a proportion of the risk, rather than utilizing the conventional method of assigning the entire loss to one ‘primary’ insurer.” Allstate Insurance v. Dairyland Insurance Co., 271 So.2d at 458.
These cases directly control the case at bar. Liberty Mutual and Florida Farm are both uninsured motorist carriers responsible to pay Mrs. Fuss under their respective policies. Yet only Liberty Mutual has paid. Clearly, Liberty Mutual is entitled to a pro rata contribution against Florida Farm.
I am not impressed with the fact that Florida Farm got a full release from Mrs. Fuss and the trial court accordingly dismissed Mrs. Fuss’ lawsuit against Florida Farm. This in no sense decided Liberty Mutual’s right to contribution against Florida Farm. Liberty Mutual was not a party to that litigation and its contribution claim against Florida Farm could hardly be released by Mrs. Fuss nor decided by the court in its order of dismissal.
In State Fire and Casualty Co. v. National Indemnity Co., 225 So.2d 570 (Fla. 3d DCA 1969), this Court held that a similar release from the insured could not bar the second insurance carrier’s right to contribution. An uninsured motorist had caused a collision with a car occupied by a driver and a passenger. The passenger’s widow made an uninsured motorist claim against the driver’s insurance carrier. She settled her claim and issued a general release to that carrier. She later secured an arbitration award from her husband’s uninsured motorist insurance carrier. The latter carrier in turn sought pro rata contribution against the driver’s carrier. The driver’s carrier denied the claim, much as Florida Farm does in this ease, by asserting the widow’s release. This Court flatly rejected the argument and allowed pro rata contribution based on the principle established in the Sellers case.
If anything, the facts of the present case are more compelling than State Fire because here there was never any purported release of the widow’s uninsured motorist claim against Florida Farm. No uninsured motorist claim was ever made against Florida Farm. In State Fire there was such a claim, but quite rightly the Court held that this could not bar the second carrier’s admitted right to contribution. In any event, Mrs. Fuss’ release and the order of dismissal on her claim by the court cannot bar Liberty Mutual’s admitted right to pro rata contribution against Florida Farm.
I am also unimpressed with the fact that Liberty Mutual did not appeal from an adverse decision in its declaratory judgment suit against Mrs. Fuss. That was not a suit for contribution against Florida Farm. It was a suit seeking a set-off or reduction of Mrs. Fuss’ total award against Liberty Mutual. The decree denying such a set-off in no sense decided the contribution issue since it was not involved in the lawsuit. As such, the decree is hardly res judicata or estoppel by judgment against Liberty Mutual’s contribution claim.
The trial court erred in denying Liberty Mutual’s motion for summary judgment seeking a pro rata contribution against Florida Farm. I would accordingly reverse and remand.