PEARSON, Judge.
This appeal, between two insurance companies, concerns underinsured motorist coverage growing out of an automobile personal injury action. Appellee Theodore Lawrence was an employee of Robbins Uniform Center and was in the course and scope of his employment at the time of his injury in an automobile accident with an insured tortfeasor. He was operating an automobile owned by his employer, which was insured under a $100,000.00 policy issued by appellant State Farm, with Robbins Uniform Center as an additional insured. Ap-pellee Colonial Penn Insurance Company issued an automobile policy to Lawrence which afforded him an uninsured motorist .limit of $250,000.00. The tortfeasor was insured under a policy with bodily injury liability limits of $15,000.00.
The material facts of the present case are uncontroverted and were set forth during the opening statements at trial.
As related to the present appeal, Colonial Penn asserts that underinsured motorist benefits are due from State Farm and that an “other insurance” clause in the Colonial Penn policy requires that benefits from State Farm be primary and benefits, if any, from Colonial Penn be excess. State Farm asserts that Lawrence is not entitled to underinsured motorist benefits from State Farm and, in the alternative, that if any benefits are due, then such benefits would be on a pro rata basis with Colonial Penn rather than on a primary excess basis, as asserted by Colonial Penn. The trial court found (1) that Lawrence was entitled to underinsured motorist coverage from State Farm on the policy applicable to the vehicle he was operating at the time he was injured, with limits of $100,000.00; (2) that Lawrence was entitled to underinsured motorist coverage under the Colonial Penn policy with limits of $250,000.00 per person; and (3) that the uninsured motorist coverage afforded Lawrence by State Farm was primary and the coverage afforded by Colonial Penn was excess.
We are presented with two points on this appeal. The first urges that an employee is not entitled to underinsured motorist benefits from the insurance carrier of his employer. The second urges that when two insurance companies each have “other insurance” clauses, neither is primary and the companies are liable on a pro rata basis.
Under the first point presented, the appellant recognizes the decision in the case of United States Fidelity & Guaranty Company v. Curry, 371 So.2d 677 (Fla. 3d DCA 1979), in which this court held that the employee of the lessee of the vehicle who was involved in an accident while in the course of his employment and while operating a vehicle owned by the lessor was entitled to stack underinsured motorist benefits provided by both his own personal automobile liability policy and the policy issued to the lessor-owner of the vehicle. However, *1038 it is argued that we should reconsider this opinion in light of the decision of the Florida First District Court of Appeal in Government Employees Insurance Company v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977), as explained and modified in Main Insurance Company v. Wiggins, 349 So.2d 638 (Fla. 1st DCA 1977). We have carefully considered these cases, but respectfully adhere to our decision in United States Fidelity & Guaranty Company v. Curry, supra.[1] We hold that no error has been made to appear under the first point.
In argument upon the second point, the appellant stated that the Supreme Court of Florida has effectively invalidated “other insurance” clauses in the uninsured motorist context in the case of Sellers v. United States Fidelity & Guaranty Company, 185 So.2d 689 (Fla.1966). In Sellers, the Supreme Court held that an insured may not be deprived of the protection of multiple policies containing uninsured motorist provisions by the insertion of “other insurance” provisions. In the present instance, the question is not whether Lawrence is deprived of coverage but the priorities which shall be determined as between two insurance companies, each liable and each with a policy containing an “other insurance” clause. Under this situation, the proper rule is that the two insurance companies are liable pro rata. See State Fire & Casualty Company v. National Indemnity Company, 225 So.2d 570 (Fla. 3d DCA 1969).
Accordingly, the judgment appealed is affirmed in part and reversed in part to the extent of the provision in paragraph 7 thereof that “ . . . STATE FARM INSURANCE COMPANY shall be'primary and that afforded by COLONIAL PENN INSURANCE COMPANY shall be excess.” The cause is remanded with directions to enter an amended final judgment in conformity with the views herein expressed.
Affirmed in part, reversed in part and remanded.

. See also Cox v. State Farm Mutual Insurance Company, 378 So.2d 330 (Fla. 2d DCA 1980).