PER CURIAM.
By this consolidated appeal appellant/defendant seeks review of an adverse final summary judgment, and order denying appellant’s motion to vacate the judgment and for leave to file an amended answer in an action arising out of an insurance dispute.
The judgment, in pertinent part, reads as follows:
“This cause came before me on plaintiff’s motion for Summary Judgment and the Defendant’s Cross Motion for Summary Judgment and upon hearing argument by counsel and the Court having reviewed the pleadings, stipulations, exhibits and affidavits contained in the Court file, and the Court being otherwise fully advised in the premises, it is hereby Ordered and Adjudged:
“1. That Plaintiffs’ Motion for Summary Judgment be and the same is hereby GRANTED.
“2. That the Defendant’s Cross Motion for Summary Judgment be and the same is hereby DENIED.
“3. That the Court finds that as a matter of law that the automobile owned and operated by Robert A. Lyons was an uninsured motor vehicle at the time of the subject automobile accident; that consequently, Plaintiffs are afforded $10,000.00 uninsured motorist coverage limits under the subject insurance policy, in addition to $1,000.00 personal injury protection coverage limits for funeral expenses, and Plaintiffs are entitled to total sum of $11,000.00 previously paid by the Defendant to Plaintiffs under the policy.
“4. That the sum of $11,000, to-wit: $1,000 personal injury protection policy limits and $10,000 uninsured motorist policy limits previously paid to Plaintiffs by Defendant and deposited by Plaintiffs in an interest bearing account per Order of *41 Court shall remain in said account pending a further hearing as to whether the Defendant is entitled to an Equitable Distribution on the $10,000 uninsured Motorist Coverage limits in the possession of the Plaintiffs or whether the Defendant has waived or destroyed any right of sub-rogation, if any, it may have had on the Plaintiffs’ settlement with McKenzie Tank Lines, Inc. and Carriers Insurance Company.”
Our examination and consideration of the record on appeal, briefs and argument of counsel convinces us that there is no genuine triable issue of material fact and that appellees were entitled to a judgment as a matter of law. State Farm Mutual Automobile Insurance Company v. Colonial Penn Insurance Company, 379 So.2d 1036 (Fla. 3d DCA 1980); Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077 (Fla. 1978); United States Fidelity & Guaranty Company v. Curry, 371 So.2d 677 (Fla. 3d DCA 1979); Boulnois v. State Farm Mutual Automobile Insurance Company, 286 So.2d 264 (Fla. 4th DCA 1973); Allstate Insurance Company v. Chastain, 251 So.2d 354 (Fla. 3d DCA 1971), cert. discharged, 263 So.2d 578 (Fla.1972).
Accordingly, the orders appealed are hereby affirmed.
Affirmed.