CANADY, J.,
dissenting.
Because I conclude that the provisions of section 627.727(9), Florida Statutes (2005), have no application to policies with respect to motor vehicles that are not “registered or principally garaged in the state,” as provided in section 627.727(1), I would answer the certified question in the affirmative.
Based on statutory context and history, subsection (9) of section 627.727 is most reasonably understood as ancillary to subsection (1), which provides that — absent a *251 written rejection — no motor vehicle liability policy within the statute’s scope be issued without the provision of uninsured motorist (UM) coverage. The provisions of subsection (9) permit insurers to offer policies with unstacked UM coverage when certain conditions are met, thereby providing a means for insurers to escape subsection (1)’s implied prohibition on unstacked coverage. See Sellers v. U.S. Fid. & Guar. Co., 185 So.2d 689 (Fla.1966). That implied prohibition does not arise with respect to policies that are outside the scope of subsection (1).
Subsection (1) embodies a regulatory rule adopted by the Legislature governing policies which are “delivered or issued for delivery in this state” and which cover “motor vehicle[s] registered or principally garaged in this state.” The text of subsection (1) reflects a conscious limitation on the scope of the regulatory rule mandating the offering of UM coverage. For that regulatory rule to apply it is not sufficient that the insurance policy “be delivered or issued for delivery in this state.” It is also necessary that the vehicle covered by the policy be a “motor vehicle registered or principally garaged in the state.”
There is no basis for concluding that the reference to “policies of uninsured motorist coverage” in subsection (9) extends to policies of “uninsured motorist coverage” that do not fall within the scope of subsection (1). Subsection (9) is part of a unified statutory scheme governing UM coverage which is anchored in subsection (1). Nothing in the text or history of the statute suggests that the subsidiary regulatory provision in subsection (9) reaches further than the underlying regulatory provision in subsection (1). On the contrary, when subsection (1) refers to “the coverage required under this section,” it suggests that the subsequent subsections must be understood in pari materia with subsection (1) and that a policy of insurance cannot fall within the scope of subsection (9) if it does not fall within the scope of subsection (1). This interpretation is reinforced by the reference in subsection (9) to “the offer authorized by this subsection” — language which indicates that subsection (9) operates not as a freestanding regulatory requirement but as an alternative to certain policy requirements that ordinarily flow from subsection (1).
Accordingly, the offer of unstacked UM coverage authorized by subsection (9) operates as an alternative to the offer of stacked UM coverage required by subsection (1). The conditions associated with subsection (9)’s alternative offer of unstacked coverage are irrelevant to policies that are not subject to the requirement for the offer of stacked coverage under subsection (1).
In short, the text of section 627.727 does not require that the conditions in subsection (9) be applied to a policy of insurance providing unstacked UM coverage on a vehicle that is neither registered nor principally garaged in Florida. I therefore dissent from the majority’s contrary conclusion.