189 So.2d 832 (1966)
Alice Browne NUCKOLS, Appellant,
v.
William P. NUCKOLS, Appellee.
No. 199.
District Court of Appeal of Florida. Fourth District.
September 9, 1966.
Rehearing Denied September 28, 1966.
*833 Charles E. Davis, of Fishback, Davis, Dominick & Troutman, Orlando, for appellant.
J.R. Wells, of Maguire, Voorhis & Wells, Orlando, for appellee.
LOPEZ, AQUILINO, Jr., Associate Judge.
A wife sued her husband for separate maintenance. He counterclaimed against her seeking affirmative relief in the form of a divorce. A contested final hearing resulted in a decree of divorce entered upon the husband's counterclaim. The wife, plaintiff in the trial court, brings this appeal.
In the course of the final hearing and during pre-trial discovery efforts the husband refused to answer questions asked of him concerning an improper relationship between the husband and a woman other than his wife by successfully asserting his privilege against self-incrimination. This was accomplished without imposition of penalty.
We hold, in answer to the point raised by the wife in this appellate proceeding, that, when her husband filed his counterclaim seeking independent relief beneficial to him, he became an actor, a profiteer of the judicial machinery and process, so as to bring him within the doctrine of the cases of Stockham v. Stockham, Fla. 1964, 168 So.2d 320, 4 A.L.R.3d 539; Lund v. Lund, Fla.App. 1964, 161 So.2d 873. See also Annotation, 4 A.L.R.3d 545. That doctrine is to the effect that, while one may in civil litigation exercise his privilege against self-incrimination, if he does choose to do so, the court's doors will be shut to him as concerns his right to obtain relief or remedy based on his claim or action.
This decision being dispositive in requiring a reversal, we deem it unnecessary to discuss the remaining points on appeal.
This cause is reversed and remanded with directions to require the husband to answer the disputed questions upon penalty of having his counterclaim stricken in the event he refused to do so.
Reversed.
SMITH, C.J., and WALDEN, J., concur.