270 So.2d 792

The PHOENIX INSURANCE COMPANY

v.

Abbie E. STUART.

Abbie E. STUART

v.

The PHOENIX INSURANCE COMPANY.

SC 22, SC 22–X.

Supreme Court of Alabama.

Dec. 14, 1972.

658

Turner & Turner, Tuscaloosa, for appellee and cross-appellant.

Roberts & Davidson, Tuscaloosa, for appellant.

PER CURIAM.

This is a declaratory judgment proceeding, some aspects of which have been before this court previously.—Employers National Insurance Co. v. Holliman et al., 287 Ala. 123, 248 So.2d 717.

On September 30, 1968, Mrs. Abbie Stuart sustained personal injuries while riding in her 1960 Pontiac automobile, which was involved in a collision with an automobile driven by Walter Cleveland Holliman, Jr. Mrs. Stuart's automobile was being driven by her son at the time of the collision.

The automobile driven by Holliman, hereinafter referred to for the purposes of this opinion as the Holliman automobile, was described in an automobile liability insurance policy issued by Employers National Insurance Company.

At the time of the accident Mrs. Stuart had in force and effect a "Family Combination Automobile Policy" issued by Phoenix Insurance Company. Among other coverages, that policy provided uninsured motorist coverage. Two automobiles were described in the policy, the 1960 Pontiac in which Mrs. Stuart was riding at the time she sustained her injuries and a 1964 Chevrolet. A separate premium for uninsured motorist coverage was paid for each of the described automobiles. On the declaration page of the policy the Pontiac is referred to as Car 1 and the Chevrolet as Car 2. Uninsured motorist coverage (Family Protection) on the Pontiac is fixed at "10,000 each person—20,000" each accident, with a premium charge for that coverage of $5. Uninsured motorist coverage (Family Protection) on the Chevrolet is fixed at the same figures in the same manner, but the premium for such coverage on the Chevrolet is fixed at $4.

On May 1, 1969, Mrs. Stuart filed suit against Holliman on the law side of the Circuit Court of Tuscaloosa County claiming damages for personal injuries in the amount of $50,000. That suit was filed in accordance with written authority given to Mrs. Stuart by Phoenix without her waiving any rights she might have under the policy which Phoenix had issued to her.

Thereupon, Employers instituted this declaratory action on the equity side of the court against Holliman, Mrs. Stuart and Phoenix. In its bill Employers sought a determination that the policy of automobile insurance which it had issued wherein the Holliman automobile was described was not in full force and effect at the time of the accident and prayed that it be relieved from defending Holliman in the suit instituted against him by Mrs. Stuart and relieved from paying any final judgment rendered therein. Employers also prayed that the court enjoin the prosecution of Mrs. Stuart's suit against Holliman. On May 29, 1969, Mrs. Stuart was enjoined from prosecuting her suit at law against Holliman.

A cross bill was filed by Mrs. Stuart against Phoenix wherein it was asserted,

in effect, that Holliman was an uninsured motorist within the purview of the Phoenix policy, and that, consequently, Mrs. Stuart was entitled to recover from Phoenix the sum of $20,000, the aggregate amount of uninsured motorist coverage provided for the two vehicles described in the policy, a separate premium having been paid for each automobile.

Demurrer interposed by Phoenix to Mrs. Stuart's cross bill was sustained by the trial court.

The case came on to be heard before the court and a jury. The jury made findings formulated as answers to interrogatories. In accordance with the jury's findings, the trial court decreed that the Employers policy was in full force and effect at the time of the collision.

Employers took an appeal to this court, assigning as error the action of the trial court in decreeing that Employers' policy was in full force and effect at the time of the collision. A cross-appeal was taken by Mrs. Stuart, who assigned as error the action of the trial court in sustaining the demurrer which Phoenix had interposed to her cross bill.

This court in Employers National Insurance Co. v. Holliman, *supra*, held that Employers' policy did not cover the Holliman automobile at the time of the collision because the named insured, not Holliman, had no insurable interest in the described automobile. It was also held by this court in the *Employers* case, *supra*, that the trial court erred in sustaining the demurrer of Phoenix to Mrs. Stuart's cross bill.

On August 24, 1971, after application for rehearing was denied by this court in Employers National Insurance Co. v. Holliman, *supra*, and after remandment, the trial court rendered a decree substantially as follows:

1. Employers' policy was not in full force and effect at the time of the collision and, therefore, Employers was not obligat-ed to defend the suit filed by Mrs. Stuart against Holliman on the law side of the Circuit Court of Tuscaloosa County or to pay on behalf of Holliman any damages awarded therein.

2. The demurrer interposed by Phoenix to Mrs. Stuart's cross bill was overruled.

3. The "injunction or restraining order" theretofore issued restraining and enjoining Mrs. Stuart from prosecuting her suit against Holliman on the law side of the Circuit Court of Tuscaloosa County was dissolved.

On September 13, 1971, by agreement of the parties and their attorneys, a judgment was rendered in favor of Mrs. Stuart against Holliman in the suit which she had filed on the law side of the Circuit Court of Tuscaloosa County on May 1, 1969. That judgment was for $20,000 plus costs.

Thereafter, on October 27, 1971, Phoenix filed its answer to Mrs. Stuart's cross bill.

As pertinent here, Phoenix in its answer to the cross bill asserted that the maximum uninsured motorist bodily injury indemnity available to Mrs. Stuart was $10,000. The answer to the cross bill denied that insuring two automobiles on one policy raised the maximum uninsured motorist coverage from $10,000 per person injured to $20,000.

The trial court held as a matter of law that Mrs. Stuart under the uninsured motorist coverage of the Phoenix policy had a maximum coverage of $20,000 instead of a maximum of $10,000.

When the declaratory judgment proceeding came on for trial on November 15, 1971, Mrs. Stuart took the position, among others, that the judgment for $20,000 rendered on the law side of the court in the suit filed by her against Holliman was conclusive as to the amount of her damages. The trial court did not agree with this contention and Mrs. Stuart was called upon

to prove her damages. The aforementioned judgment was admitted in evidence.

The cause was tried before the court and a jury. The jury returned a verdict in favor of Mrs. Stuart and against Phoenix in the sum of $16,000. On November 30, 1971, the trial court rendered a final decree ratifying, approving and adopting the verdict of the jury and assessed Mrs. Stuart's damages at $16,000, together with costs.

Phoenix filed an application for rehearing on December 16, 1971, and on December 22, 1971, the trial court amended its final decree holding, *inter alia*, that Phoenix could pay $10,000 of the judgment into court and that Mrs. Stuart could accept the sum as a partial satisfaction of the judgment without either party waiving any of their rights to appeal to this court. Phoenix paid $10,000 into court and Mrs. Stuart accepted it as partial payment.

On January 7, 1972, Phoenix appealed to this court. Mrs. Stuart filed a cross-appeal on February 16, 1972.

It is conceded by the appellant, Phoenix, at least for the purposes of this appeal, that Holliman was an uninsured motorist at the time of the collision and that it was his negligence which was the proximate cause of the collision which resulted in the serious personal injuries to Mrs. Stuart.

The sole issue presented by the appeal of Phoenix is whether Mrs. Stuart, under the uninsured motorist provisions of the policy issued to her by Phoenix, is entitled to the benefit of the aggregate amount of coverage provided in that single policy for more than one scheduled automobile.

Phoenix contends here, as it did in the trial court, that under the terms and conditions of the policy, and the law of Alabama, the maximum amount of uninsured motorist coverage available to Mrs. Stuart under the one policy of insurance was $10,-000, despite the fact that there were two automobiles listed, described or scheduled in the policy and a separate premium charged for each automobile.

Phoenix does not rely upon the "other insurance clause" as a means of avoiding the payment to Mrs. Stuart of the aggregate afforded by the policy which, as previously shown, covered two automobiles. Phoenix does not challenge here our holding in regard to the so-called "other insurance" clauses in Safeco Insurance Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736, which holding has been reaffirmed on more than one occasion. See Employers Liability Assurance Corporation, Ltd., a Corp., etc. v. Charlie Jackson, and Employers Liability Assurance Corporation, Ltd., a Corp., etc. v. Cecelia Grady Jackson, 289 Ala. 673, 270 So.2d 806, decided on September 29, 1972, rehearing denied November 30, 1972.

The position of Phoenix is that the policy of instant concern meets the requirements of Alabama's Uninsured Motorist Act (Act 866, approved September 3, 1965, Acts of Alabama 1965, Vol. II, p. 1614, carried in the 1971 Cumulative Pocket Part of the 1958 Recompiled Code as Title 36, § 74 [62a]), in that it affords the minimum coverage required by that Act, $10,000 bodily injury coverage for each person and $20,000 coverage for each accident.

Phoenix says that an insurance company which meets the requirements of the last-mentioned act has the legal right to limit its liability of uninsured motorist coverage to the minimum liability required by statute; that Phoenix has done just that by including in the uninsured motorist provisions of its policy (Part IV, Coverage J—Family Protection) the following provisions:

"The limit of liability for family protection coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all

damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

The limit of liability stated in the "Declaration" part of the policy as it relates to "Family Protection" uninsured motorist coverage is as follows:

"The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| CAR 1 COVERAGES | LIMITS OF LIABILITY | PREMIUMS |
|---|---|---|
| * * * * * * | | |
| J Family Protection | $10,000 each person | |
| | $20,000 each accident | $5. |

| CAR 2 COVERAGES | LIMITS OF LIABILITY | PREMIUMS |
|---|---|---|
| * * * * * * | | |
| J Family Protection | $10,000 each person | |
| | $20,000 each accident | $4. " |

We restate the position of Phoenix at this point by quoting from its original brief:

"It is our contention that these clauses limit the liability of the company to a maximum of $10,000 per person and $20,000 per accident, under Coverage J whether there were one or more automobiles insured by the policy."

This court recently rejected this contention in The Employers Liability Assurance Corporation, Ltd., a Corp., etc., against the Jacksons, *supra*. The opinion in the *Jackson* cases was delivered on September 29, 1972, prior to the time this appeal was submitted on brief and argument. Counsel for the parties to this litigation were not familiar with that opinion. This court, therefore, granted permission to counsel to file supplemental briefs. Within a few days after this appeal was submitted, applications for rehearing were filed in the *Jackson* cases, along with briefs in support of such applications. The supplemental briefs in this case were duly filed and they have been before the court in its consideration of the applications for rehearing filed in the *Jackson* cases. Consequently, it is unnecessary to treat in this opinion with the cases cited by and argument of Phoenix on this point, although there is a split of authority on the question.

■ On the authority of our holding in the *Jackson* cases, *supra,* we affirm the action of the trial court in decreeing that Mrs. Stuart, under the uninsured motorist coverage of the Phoenix policy, had a maximum coverage of $20,000. This disposes of the only question argued by Phoenix on its appeal.

We come now to a consideration of the single substantial question presented by Mrs. Stuart's cross-appeal.

That question is, Did the trial court err to a reversal in not accepting the judgment rendered in favor of Mrs. Stuart against the uninsured motorist, Holliman, on the law side of the circuit court as being conclusive as to the amount of damages Mrs. Stuart is entitled to recover from Phoenix under the uninsured motorist provisions of the Phoenix policy?

Part IV of the Phoenix policy, that is, the Family Protection Coverage which includes uninsured motorist coverage, contains the following provision:

"No judgment against any persons or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled *unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.*" (Emphasis supplied)

An identical clause was contained in a policy issued by Gulf American Fire & Casualty Company to A. R. Gowan. The Gowan policy was before this court in the case of Gulf American Fire & Casualty Co. v. Gowan, 283 Ala. 480, 218 So.2d 688. The original opinion was delivered on January 23, 1969, and the application for rehearing was denied on February 20, 1969.

Gowan was injured in an accident with a motor vehicle driven by an uninsured motorist. Notice of the accident was given to Gulf American. It admitted its liability and coverage and the sole matter in dispute was the amount owed the plaintiff, Gowan. The parties could not reach an agreement and waived arbitration. Gowan then filed suit for damages against the uninsured motorist in the Circuit Court of Lowndes County, Alabama. Before that suit was filed, Gowan notified Gulf American of his intention to file the suit and requested that Gulf American defend the suit. Gulf American did not do so. Gowan obtained a default judgment against the uninsured motorist in the Lowndes County Circuit Court in the sum of $5,000 and costs.

Gowan then filed suit against Gulf American seeking the damages recovered against the uninsured motorist. The Circuit Court of Montgomery County rendered judgment against Gulf American for the sum of $5,000 and costs, holding that the Lowndes County judgment was both admissible and "conclusive" to show the amount of damages that plaintiff was legally entitled to recover.

Gulf American appealed to this court.

In an opinion prepared by Mr. Justice Bloodworth, concurred in by Mr. Chief Justice Livingston and Mr. Justice Simpson, it was said in substance as follows:

1. That the insuring paragraph providing that no judgment in an action prosecuted by the insured against an uninsured motorist without the written consent of the insurer shall be conclusive is valid and binding between the insured and the insurer.

2. That the judgment recovered by the insured against the uninsured motorist was "admissible" in the suit against the insurer on the issue of whether the uninsured motorist alleged to be legally responsible was in fact liable for damages in a suit by insured against the insurer; that such judgment was not final (conclusive) on that issue and could have been refuted or contradicted by the insurer's proof that the uninsured motorist was not liable or that the insured motorist was guilty of contributory negligence, or that the insured did not suffer the damages claimed; that the insurer was free to offer other evidence as to liability and damages.

3. That the trial court erred "in stating that such judgment is 'conclusive'" but that the judgment of the trial court would not be reversed because it reached the correct result in view of the fact that the insurer did not offer any such proof to the contrary.

The concluding paragraph of Mr. Justice Bloodworth's opinion reads:

"We are, therefore, of the opinion that the trial court erred in its final judgment of May 21, 1968, finding that as a matter of law the judgment entered in the circuit court of Lowndes County, Alabama, in the case of A. R. Gowan v. Willie Berry, in the amount of $5,028.50, was 'conclusive' as to the amount of damages and the legal liability between A. R. Gowan and Gulf American Fire & Casualty Company. But, we find that the trial court reached a correct result under the facts of the case and its judgment is to be affirmed."

We have heretofore pointed out that only two members of the court, namely, Mr. Chief Justice Livingston and Mr. Justice Simpson, concurred in the opinion of Mr. Justice Bloodworth.

Mr. Justice Coleman concurred in the result, with an opinion which reads:

"I concur in affirming the judgment appealed from. I do not agree that the judgment against the uninsured motorist is not conclusive against the insurer, and I do not agree that the insured can be compelled again to litigate the issue of the liability of the uninsured motorist."

If Mr. Justice Coleman had simply concurred in the result, nothing said in the opinion of Mr. Justice Bloodworth could be said to constitute a holding of the court except the fact that the judgment of the circuit court was due to be affirmed because at the time this matter was disposed of here this court was composed of a Chief Justice and six Associate Justices and there is nothing to indicate that any justice of this court was disqualified at the time of the deliverance of the original opinion or at the time the application for rehearing was denied.

Section 14, Title 13, Code 1940, which was in effect at the time of the action taken by this court in the *Gulf American* case, read as follows:

"The concurrence of four judges in the determination of any cause shall be necessary and sufficient thereto, except when, by reason of disqualification, the number of judges competent to sit therein is reduced to five or to four, in which case such reduced number shall constitute the court; and the concurrence of three judges shall suffice."

This court has recognized the effect of the provisions last quoted above. In Eagerton v. Graves, 252 Ala. 326, 40 So.2d 417, Mr. Justice Foster prepared an opinion in which Mr. Justice Brown and Mr. Justice Stakely concurred. Two members of the court, the writer of this opinion and Mr. Justice Simpson, dissented in part. Mr. Chief Justice Gardner and Mr. Justice Livingston did not sit.

The opinion of Mr. Justice Foster concludes with the following two paragraphs:

"By reason of the disqualification of Gardner, C. J., and Livingston, J., the number of justices competent to sit in this case is reduced to five, so that by virtue of Title 13, section 14, the concurrence of three justices is sufficient in the determination of this cause.

"The judgment of the trial court is affirmed by reason of the concurrence of Brown and Stakely, JJ., with the writer."

■ Since Mr. Justice Coleman did spell out his areas of disagreement with the opinion of Mr. Justice Bloodworth, it follows that the statements made in the opinion of Mr. Justice Bloodworth relative to the fact that the judgment obtained by Gowan against the uninsured motorist, although admissible, was not conclusive and that it may be refuted or contradicted by the insurer's proof that such uninsured motorist was not liable, or that insured was guilty of contributory negligence or did not suffer the damages claimed, is not the law of the case. Only three members of a seven-member court were in accord with those views.

We have dealt with the opinions of Gulf American Fire & Casualty Co. v. Gowan, *supra*, because Phoenix contends that the action of the trial court in this case in refusing to recognize the judgment which Mrs. Stuart obtained in her suit against Holliman on the law side of the court as being conclusive as to the amount of damages she should recover, was in accord with the holding of this court in Gulf American v. Gowan, *supra*. We feel compelled, therefore, to point out that the opinion of Mr. Justice Bloodworth in Gulf American v. Gowan, *supra*, does not constitute a holding of the court, at least in those respects with which Mr. Justice Coleman expressed disagreement.

We hold that Gulf American v. Gowan, supra, is not controlling here for two reasons. The first reason is that the statements made in the opinion of Mr. Justice Bloodworth in Gulf American v. Gowan,

*supra,* do not constitute holdings of the court for the reason indicated above.

But that question aside, the facts of this case are altogether different from the facts under consideration in the case of Gulf American v. Gowan, *supra.* As we have heretofore pointed out, in the latter case Gulf American did not give its consent for Gowan to bring suit against the uninsured motorist. In this case, such consent was given in writing and the insured, Mrs. Stuart, was advised in a letter from Phoenix as follows:

"If you would, please instruct Mr. Turner [counsel for Mrs. Stuart] to go ahead and prepare your case against Mr. Holliman in whatever respects he sees fit because by filing suit against Mr. Holliman you will not waive any of the rights you have under your uninsured motorist coverage of your policy with the Phoenix of Hartford Insurance Company."

In an article, "Perspective on Uninsured Motorist Coverage," by Professor Alan I. Widiss, in Northwestern University Law Review, Vol. 62, No. 4, at page 553, quoted with approval in the opinion of Mr. Justice Bloodworth in Gulf American v. Gowan, *supra,* the writer says in part as follows:

" . . . Thus, if the company consents to the action, it will be bound by a determination that the insured is entitled to recover and by the amount of such a recovery . . . . ."

The opinion of Mr. Justice Coleman in Gulf American v. Gowan, *supra,* indicates that he approves of that statement.

When Phoenix gave its written consent for Mrs. Stuart to file suit against the uninsured motorist, Holliman, it knew that in all likelihood such a suit would be disposed of either by a default judgment, judgment by agreement of the parties, judgment by the court without a jury, or judgment by the court after a jury verdict was rendered.

There is nothing in this record which even remotely tends to show fraud, collusion or any other improper action on the part of Mrs. Stuart, her counsel, or on the part of Holliman or his counsel. Nor is there anything in the record to indicate that Phoenix sought to intervene in or oppose Mrs. Stuart in her efforts to obtain a judgment against Holliman, the uninsured motorist.

■ Under the circumstances of this case, we are constrained to the conclusion that the trial court erred in not considering the judgment obtained by Mrs. Stuart in her suit at law against the uninsured motorist, Holliman, as being conclusive of the amount of damages which Mrs. Stuart was entitled to recover from Phoenix under the uninsured motorist provisions of its policy issued to Mrs. Stuart.

In S.C. 22, the direct appeal, the decree of the trial court is affirmed.

In S.C. 22–X, the cross-appeal, the decree is reversed and the cause is remanded for the purpose of enabling the trial court to enter a decree in accordance with this opinion.

The foregoing opinion was prepared by Thomas S. Lawson, Supernumerary Associate Justice, and adopted by the Court as its opinion.

Affirmed in part and in part reversed and remanded with directions.

COLEMAN, BLOODWORTH, McCALL, FAULKNER and JONES, JJ., concur.