298 So.2d 607

**GREAT CENTRAL INSURANCE COMPANY, a corp.**

**v.**

**Robert J. EDGE.**

**SC 774.**

Supreme Court of Alabama.

Aug. 8, 1974.

Ball, Ball, Matthews & Lamar and Tabor R. Novak, Jr., Montgomery, for appellant.

**614**

Mooneyham & Mooneyham, Montgomery, for appellee.

HEFLIN, Chief Justice.

■ This appeal was originally filed with the Alabama Court of Civil Appeals, but was transferred to this court because that court determined it did not have jurisdiction because of the amount in controversy. Title 13, Section 111(11), Code of Alabama 1940, as amended (Recompiled 1958—Supp.1971) permits such transfer. It appears that the transfer was proper since under Section 111(3) the jurisdiction of the Civil Appeals Court is limited to cases wherein the amount in controversy does not exceed $10,000.00. "Amount" is defined as the "amount of recovery." Although the final judgment in this case was reduced to $10,000.00 upon payment of an undisputed liability of $10,000.00 there was a trial court order of recovery of $20,000.-00 for the plaintiff.

The facts of the case are not in dispute. On November 12, 1972, plaintiff-appellee Edge, while a pedestrian at his service station in Montgomery, Alabama was struck by an automobile negligently operated by an uninsured motorist. At the time of the accident, a policy of insurance issued by defendant-appellant insurance company providing for uninsured motorists coverage was in effect. Edge had paid an annual premium of $7.65 which provided such coverage. Edge suffered personal injury damages in excess of $20,000.00.

The uninsured motorist coverage extended to any automobile owned by Edge for which liability coverage was afforded. The policy schedule did not specifically identify any automobile, but the annual premium for uninsured motorists was based on the number of vehicles at that time. The premium of $7.65 was computed on the basis of $5.00 for the first vehicle, $4.00 for the second, with an annual deviation rate of 15%.

In addition to the schedule which indicated that the limits of liability under uninsured motorist coverage was $10,000 each person, $20,000 each accident," the policy also contained the following "Limits of Liability" clause:

> "Regardless of the number of insureds under this policy, the company's liability is limited as follows:
>
> (a) The limit of liability stated in the Schedule as applicable to 'each person' is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting 'each

person', the limit of liability stated in the schedule as applicable to 'each accident' is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident."

The appellant insurance company contends, (1) that an insurer may limit its liability for uninsured motorist coverage to $10,000 per person and $20,000 per accident where it does so in plain unmistakable language regardless of the fact that the policy was issued with respect to two automobiles and the premium was computed based on two automobiles, and (2) where an insured pays premiums for uninsured motorist coverage for more than one automobile insured under one policy of insurance, corresponding cumulative multiple uninsured motorist coverage limits of $10,000 for each person and $20,000 for each accident, are not statutorily imposed for each vehicle insured thereunder.

Since a determination can properly be predicated on the merits of the first contention, a discussion of the second contention is unnecessary. This court holds that under the facts of this case where the insurer issued a policy providing uninsured motorist coverage and collected a premium with respect to more than one automobile the insurer can not preclude a recovery based on each premium by a limiting clause.

The initial decision of this court dealing with the "stacking" problem of uninsured motorists insurance after the passage of the uninsured motorists statute was Safeco Insurance Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (1970), a case in which the holding in part is applicable to the instant decision. In *Safeco* this court considered whether recovery could be made on more than one insurance policy, if the insured party's injuries exceed the limits of one of the policies. The court states in part: "[W]e cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid."

The court noted that the Alabama Uninsured Motorists' Insurance Statute is the same as Florida's, and cited the Florida decision of Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla. 1966):

"It is clear that the statute does not limit an insured only to one $10,000 recovery under said coverage where his loss for bodily injury is greater than $10,000, and he is the beneficiary of more than one policy issued under § 627.0851. The statute is designed to protect the insured as to his actual loss within such limits, but being of statutory origin it is not intended that an insured shall receive more from such coverage than his actual loss, although he is the beneficiary under multiple policies issued pursuant to F.S. § 627.0851, F.S.A."

In State Farm Mutual Automobile Ins. Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619 (1971), the plaintiff was injured by an uninsured motorist while driving a truck in the course of his employment. The plaintiff's employer had uninsured motorist coverage to the extent of $10,000 and also provided different insurance coverage under the Alabama Workmen's Compensation Act which entitled plaintiff to $2,400 in medical benefits and future compensation payments of between $10–11,400. State Farm had "other insurance" provisions, and an "excess escape" clause in its uninsured motorist endorsement. It sought to have its uninsured motorist liability reduced or set off by any benefits paid to the plaintiff as Workmen's Compensation and the $10,000 available through an action against his employer. The court reaffirmed *Safeco,* holding that the insurer could not avoid liability by inserting an escape clause or other insurance provision even though the insured had workmen's compensation and other insurance available

to him where premiums for such uninsured motorist provisions had been paid.

This Court cited the *State Farm* decision in Preferred Risk Mutual Ins. Co. v. Holmes, 287 Ala. 251, 251 So.2d 213 (1971), and held that an insurer cannot avoid the liability imposed by the Alabama Uninsured Motorists' Act by inserting into a policy of liability a limiting clause restricting an insured from recovering actual damages suffered, within the limits of the policy, where premiums had been paid for such uninsured motorists' coverage, even though an insured has workmen's compensation available to him.

The court's position with respect to liability limiting clauses was reaffirmed in Hogan v. Allstate Ins. Co., 287 Ala. 696, 255 So.2d 35 (1971). In that case Hogan was injured while riding in an auto owned by an individual insured under a policy which contained uninsured motorist protection issued by an insurer other than Hogan's. Hogan's Allstate policy, which contained uninsured motorist protection for which the insured had paid a premium, was applicable in satisfaction of actual damages sustained, notwithstanding "excess escape clause" and "other insurance provisions" contained therein. ·

These cases appear to have rather firmly established the principle that the law of this state with respect to uninsured motorist coverage precludes an insurer from collecting a premium for certain coverage, then taking that coverage away by a limiting clause, under the rationale that a contrary holding would be in violation of the uninsured motorist insurance statute. Any doubt that remained, however, should have been dispelled by this court's holding in Employer's Liability Assurance Corp. v. Jackson, 289 Ala. 673, 270 So.2d 806 (1972). In the *Employer's Liability* case, the Jacksons, husband and wife, were passengers in a friend's automobile that collided with another automobile operated by an uninsured motorist. The friend's automobile insurance carrier paid uninsured motorist policy limits to the Jacksons, and they filed a claim against Employer's for uninsured motorist benefits pursuant to two automobiles owned by them. Both cars were listed in the same policy, and a separate premium was collected with reference to each automobile.

Like Great Central in the case now before the court, Employer's Liability Assurance Corp. asserted that the policy established limits of liability whereby total recovery under the policy was $10,000 per person and $20,000 for each accident irrespective of the number of automobiles listed. This court held that where uninsured motorist coverage of an automobile insurance policy contains a limit of liability clause stating in effect that the liability for all damages because of bodily injury sustained by one person as a result of such accident is $10,000, and the one policy is in effect with respect to two automobiles, for which two premiums were paid, an insured is not precluded from recovering the aggregate amount of coverage provided for the two vehicles so long as the total does not exceed the total of the judgment for the damages recovered. It appears to this court that the fact that in the case at bar the premium for the coverage is not separated and identified as to separate automobiles on the face of the policy is immaterial since undisputed proof reflected that an additional premium was charged for the extra automobile.

Appellant in the case under review seizes upon the language in *Employer's Liability* which was quoted from Sturdy v. Allied Mutual Ins. Co., 203 Kan. 783, 457 P. 2d 34 (1969), which says:

> "If it were intended to restrict the limit of liability to $10,000 in one policy where more than one automobile is covered, this could have been very easily accomplished in plain, unmistakable language . . . ."

In attempting to construct a case predicated upon the quoted language from *Employer's Liability*, appellant's reasoning was

defective for these two reasons: (1) This language is dicta and is, in fact, contrary to the holding of *Employer's Liability*; and (2) this language is inconsistent with the previously cited Alabama decisions.

 Regardless of inclusion of language about limiting liability by clear and unambiguous language in *Employer's Liability*, as a part of a quote from *Sturdy*, this court focused on the real issue, that being the fact that the insured had paid two premiums—that in effect the Jacksons had purchased two policies of insurance on one form and that the public policy expressed in the uninsured motorists' insurance statute prevented the insurance company from limiting its liability under such circumstances. Thus any suggestion that an insurer can limit such liability runs counter to the real holding. Therefore, the language from *Employer's Liability* relied on by the defendant-appellant should be and is expressly disapproved. Cases should not and will not turn on how well the insurer drafts a limiting clause because the law does not permit insurers to collect a premium for certain coverage, then take that coverage away by such a clause no matter how clear or unambiguous it may be.

As was previously stated, the court held in *Employer's Liability* that where one policy covers two automobiles, for which two premiums are paid, an insured is not precluded from recovering the aggregate amount of coverage provided for the two vehicles so long as the total does not exceed the total of the judgment for the damages recovered.

Furthermore, the previously cited Alabama decisions are not based on whether or not the limiting provisions of the policy are stated in "plain, unmistakable language." In their own "plain, unmistakable language" these cases clearly establish the rule that an insurer cannot avoid liability where an additional premium was collected by the insertion of a liability limiting clause into the policy. Additional decisions affirming this principle are Phoenix Ins.

Co. v. Stuart, 289 Ala. 657, 270 So.2d 792 (1972), and Alabama Farm Bureau Mutual Casualty Ins. Co. v. Clem, 49 Ala.App. 457, 273 So.2d 218 (1973).

For the reasons set out above the decision of the trial court is due to be affirmed.

Affirmed.

MERRILL, HARWOOD, BLOODWORTH, MADDOX, McCALL and FAULKNER, JJ., concur.