I concur in the result to affirm the trial court's judgment allowing the insured passengers to stack coverage pursuant to § 32-7-23(c), Code 1975. I do not agree with the rationale of the opinion to the effect that stacking is permitted simply because both of the named insured's vehicles were included within the same policy of insurance. Whatever the legislature may have intended by the phrase "any one contract of automobile insurance," it is inconceivable to me that it intended to grant the insurer the unilateral authority to deny a passenger the right to stack coverage by issuing two separate policies of insurance as opposed to a single policy covering two vehicles.[1]
I construe the literal language of the 1985 amendment ("The recovery by an injured person under . . . any one contract") to allow the passengers in this case to recover the primary coverage plus the additional coverage on the second vehicle. Once the amendment (subsection (c)) becomes a part of the uninsured motorist provisions of every automobile insurance policy, these plaintiffs, as injured persons, are entitled to the primary coverage plus the one additional coverage provided by the policy.
[1] I note that, although the parties incorrectly refer to two policies of insurance, as opposed to a single policy covering two vehicles, the insurer does not contend (and rightly so) that the result to be reached in a case involving two policies is at odds with the terms of the statute referencing "any one contract." Clearly, as all the parties concede, the statute does not contemplate a material distinction between a single policy covering two or more vehicles owned by the same named insured and separate policies covering each of several vehicles. See Great Central Insurance Co. v. Edge, 292 Ala. 613, 298 So.2d 607 (1974).