## Reinfeld
v.
## Western Reserve Mutual Casualty Co.
*[Cite as 4 AOA 341]*

*Case No. 14393*
*Summit County, (9th)*
*Decided June 7, 1990*

*Mark H. Ludwig, Attorney at Law, 863 N. Cleveland-Massillon Rd., Akron, OH 44313, for Plaintiff.*

*John J. Lynett, Attorney at Law, 49 S. Main St., Akron, OH 44308, for Defendant.*

BAIRD, L.

This cause came before the court upon the appeal of Western Reserve Mutual Casualty Company from the trial court's grant of summary judgment to its insured, Nick E. Reinfield, pursuant to a declaratory judgment action.

While operating his mother's car, Reinfeld collided with another vehicle. At the time of the accident, Reinfeld was covered by a policy of automobile insurance that was issued by Western Reserve. Shortly after the accident, Reinfeld filed a claim with Western Reserve to collect uninsured benefits. Western Reserve opened a claims file and began to conduct an investigation of Reinfeld's claim. Pursuant to this investigation, Reinfeld underwent a medical examination and also received from the insurance company advanced payment for miscellaneous bills associated with the accident.

Two years into the investigation, Reinfeld obtained counsel who notified the insurance company that he was now representing its insured. Shortly, thereafter, Western Reserve, by letter, made the following request, "As discussed, please file suit against wrongdoer to protect our subrogation interest." Reinfeld filed suit and sent a copy of the complaint to Western Reserve. Reinfeld's attorney corresponded orally and in writing with a Western Reserve insurance agent throughout the pendency of the suit. Reinfeld's attorney informed Western Reserve of the motion for default that was filed, the court's scheduling of a hearing on the motion, and the grant of default judgment in Reinfeld's favor in the amount of $25,000 with interest.

Western Reserve insisted that Reinfeld arbitrate his claim for uninsured benefits. Reinfeld arbitrated his claim, under protest, and was awarded $12,500 in damages. Soon after the award was issued, Reinfeld brought a declaratory judgment action in which he sought the following declaration of rights and other relief:

"* * *.

"WHEREFORE, Reinfeld prays that this court determine the rights and liabilities of the parties pursuant to the policy and, as a matter of law specifically determine as follows:

"A. That Reinfeld is entitled to recover the sum awarded by this Court plus interest from December 30, 1987 from Western Reserve.

"B. That arbitration was not required under the particular facts and circumstances of this case.

"C. That the arbitrators erred in refusing to accept, and to be bound by, this Court's Judgment as to Reinfeld's damages.

"D. That Western Reserve is liable to Reinfeld for his reasonable attorney's frees and costs incurred by him subsequent to December 31, 1987, specifically including those incurred in arbitration and incurred in prosecution of this action.

"E. That appropriate judgment be entered in accordance with the foregoing and Civil Rules 54(C) and 57.

"F. For such other and further relief as the court deems just and appropriate."

Western Reserve answered, denying that it owed anything other than $12,500, which was awarded in the arbitration proceeding. Reinfeld

moved for summary judgment, which the trial court granted. Western appeals and assigns as error the grant of summary judgment.

Before addressing the issue of Reinfeld's entitlement to uninsured benefits, we are confronted with the problem of interpreting the trial court's decision whereby it granted summary judgment to Reinfeld without specifically declaring the rights of the parties. Generally, a court fails to carry out its function in a declaratory judgment action of delineating the rights of the parties when it disposes of the issues by journalizing an entry that merely sustains or overrules a motion for summary judgment. *Waldeck* v. *North College Hill* (1985), 24 Ohio App. 3d 189, 190.

Taking the grant of summary judgment by itself, it appears the trial court in the instant case did not fulfill its responsibility of setting forth the parties' rights. The trial court decision, however, becomes clearer when viewed with the specific relief sought by Reinfeld in his complaint. By granting summary judgment to Reinfeld, the trial court, in effect, granted Reinfeld the relief he requested, i.e., a declaration of his rights under the policy in terms of those points specifically enumerated in the prayer of his complaint. Although, in deciding this way, we do not sanction the method by which the trial court granted judgment, we feel that the merits of his case warrant our review.

### ASSIGNMENT OF ERROR

"The trial court erred in granting summary judgment on the issues raised in the pleadings and upon the evidence before the trial court in the form of exhibits and affidavits."

Western Reserve claims that the trial court erred in determining that it must pay $25,000 in uninsured benefits to its insured, which represents the amount of the default judgment that Reinfeld recovered in his personal injury action against the other driver. The insurance company argues that it never consented to be bound by the default judgment and was therefore only obligate to pay $12,500, the amount awarded in the arbitration proceedings. The policy ·provisions pertinent to this appeal are:

"We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

"1. Sustained by a covered person; and

"2. Caused by an accident.

"* * *.

"Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

"* * *.

"If we and a covered person do not agree:

"1. Whether that person is legally entitled to recover damages under this Part; or

"2. As to the amount of damages;

"[e]ither party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction."

The trial court found, *inter alia*, that because Western Reserve, in writing, directed Reinfeld to file suit against the other driver, it could not claim that it did not consent to the suit. Relying on *Motorist·Mut. Ins. Co.* v. *Handlovic* (1986), 23 Ohio St. 3d 179, the trial court apparently held the Western Reserve was bound by the damages awarded by way of a default judgment and that arbitration was not necessary. While the *Handlovic* court's discussion as to the binding effect of a judgment entered in an action between the insured and the uninsured driver is relevant to the instant case, the factual setting renders its applicability to this case somewhat questionable. *Handlovic* involved a situation where the insured did not procure from the insurer written consent to prosecute the action against the uninsured motorist but the insurer did have knowledge of the suit. *Id.*

In the case at bar, Western Reserve actually consented to the filing of the suit against the other driver when it sent the letter to Reinfeld requesting that he file suit to protect its subrogation rights:

"We are in receipt of your letter of representation dated 4/7/87, for [Nick Reinfeld].

"By carbon copy of this letter, I'm requesting home office, to forward copies of Declaration page and [the doctor's] narrative report, per your request.

"As discussed, please file suit against wrongdoer to protect our subrogation interest.

"* * *."

Although no reported case in Ohio is directly on point with the case at bar, we do find the unreported opinion of the *Cincinnati Ins. Co.* v. *Slutz* (Oct. 13, 1987), Stark App. No. 7109, to be persuasive. In that case the appellate court reversed the trial court's decision that the insured was not entitled to underinsured benefits. *Id.* The appellate court found that a letter sent by

the claims department to the insured's counsel constituted consent. The letter read in pertinent part:

"* * *the *policy requires that our subrogation rights be preserved.* Obviously, this would require Mr. Slutz to file suit prior to May 14, 1985 is settlement is not accomplished before that time.

"* * *"The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage less those amounts *actually recovered* under all applicable bodily injury bonds and insurance policies covering persons liable to the insured.' *That wording, in our opinion, prevents any claim against the underinsured motorist carrier until such time as the tortfeasor's carrier has paid or tendered their policy limits."* (Emphasis in original.)

Although the Stark County case deals with underinsured motorist coverage and the consent-to-settle clause, the court's interpretation of the letter as consent persuades us to reach a similar result in the case before us. A letter like the one in the preceding case was held to constitute consent in *Phoenix Ins. Co* v. *Stuart* (Ala, 1972), 270 So. 2d 792. In that case the court construed the following letter:

"If you would, please instruct Mr. Turner [counsel for Mrs. Stuart] to go ahead and prepare your case against Mr. Holliman in whatever respects he sees fit because by filling suit against Mr. Holliman you will not waive any of the rights you have under your uninsured motorist coverage of your policy with the Phoenix of Hartford Insurance Company."

The court found that by writing the letter the insurance company gave its consent to the lawsuit against the uninsured motorist and thus was bound by the damage award obtained by its insured. *Id.* at 799. A reading of these cases leads this court to conclude that the letter sent to Reinfeld in which Western Reserve requested is insured to file suit against the other driver constituted written consent.

The letter was only a part of the ongoing correspondence between Western Reserve and Reinfeld that transpired during the pendency of the lawsuit. The purpose of a consent-to-sue provision is to protect the insurer's subrogation rights against the uninsured motorist and to assure the insurance company that no judgment will be rendered in which its rights are inadequately protected. 7 American Jurisprudence 2d (1980) 1033, Automobile Insurance, Section 322. Because the parties were constantly communicating with each other during each stage of the lawsuit, the purpose of the consent-to-sue clause was fulfilled, at least insofar as being fully aware of developments would enable the insurance company to avail itself of whatever course of action might best protect its interests.

Western Reserve's contractual duty to provide Reinfeld with uninsured benefits in the amount of $25,000 with interest was triggered by the judgment, for it was a determination that Reinfeld was legally entitled to recover damages from the uninsured motorist. The trial court correctly granted summary judgment as to Reinfeld's entitlement to uninsured benefits.

Western Reserve also claims that the trial court erred in awarding attorney's fees and costs to Reinfeld pursuant to the relief he requested in his declaratory judgment complaint and in his motion for summary judgment. This court has held that, upon a binding of bad faith, fraud or a stubborn propensity to needless litigation, a court hearing a declaratory judgment action may assess reasonable attorney's fees and costs against a recalcitrant litigant. *G.S.T.* v. *Avon Lake* (1978), 59 Ohio App. 2d 84, 85.

In the present case, we find that the record does not supports the trial court's award of fees and costs. We therefore reverse the judgment of the trial court only as to its grant of attorney's fees and court costs to Reinfeld and remand the case for a determination of this issue.

*Judgment affirmed in part,*
*reversed in part, and*
*cause remanded.*